# THE ST. LOUIS NATIONAL STOCK YARDS
## V.
## SILVERE TIBLIER.

*Stock Yard Companies—Negligence of—Failure to Properly Care for Stock—Contributory Negligence—Evidence—Instructions—Damages.*

1. In an action brought to recover from a stock yard company for injury to stock alleged to have been occasioned through its negligence in leaving the same exposed to stormy weather, this court holds, in view of the evidence, that the plaintiff was not guilty of contributory negligence as to the giving of directions touching the care of the stock; that the jury were warranted in finding that said stock was injured by being exposed to stormy weather over night; that the admission in evidence of testimony as to the conversation of the plaintiff with a yard foreman touching the care of the stock was proper, and declines to interfere with the verdict for the plaintiff.

2. In such cases, the measure of damages is the difference in the market value of such stock when received by the stock yard company and when delivered to the consignor.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of St. Clair County; the Hon. W. H. SNYDER, Judge, presiding.

Appellee shipped from Kansas City to appellant a car load of horses. The horses were intended for the New Orleans market. They reached the stock yards in East St. Louis March 28, 1888, in the evening, over the C. & A. R. R. On that evening, between five and six o'clock, appellee went to the stock yards to look after his horses. He inquired for the superintendent and was told that he had gone home. He then went through the yards and found Mr. White, who was said to be the foreman in charge of the horse department. He informed White that he had a car load of horses coming in over the C. & A., from Kansas City, and that he wanted them taken from the cars to the stables. White told him that the horses would not probably arrive before eight o'clock. Appellee told White that he was informed at Kansas City that the horses would reach the yards about five o'clock. Appel-

lee proposed to wait until the horses arrived, but White said there was no necessity for that; that his horses would be taken care of according to his directions. Appellee had halters with him which he gave to White, who assured him that his instructions, as to the care of the horses, would be carried out. Appellee went to the stables but the foreman in charge was out; but he gave the stable boys some money and told them to take good care of his horses when they reached the stables. The night proved to be a stormy one and the weather was threatening when appellee was at the yards. The horses, when they were brought into the yards, were put into the pens, with sheds attached, and remained there until the next morning, when they were taken to the stables, and were in bad shape, had taken cold and several were sick and would not eat. All of the horses but one were subsequently shipped to New Orleans. Appellee claimed that the horses were damaged $1,500 and in a trial before a jury he recovered a verdict for $800, upon which judgment was entered, and the stock yards prosecute this appeal.

Mr. M. MILLARD, for appellant.

Messrs. FRANKLIN A. McCONAUGHY and JOHN D. JOHNSON, for appellee.

REEVES, J. It is urged that because appellee did not go to the superintendent's office and leave his directions as to the care of his horses, that he was guilty of such contributory negligence as will prevent a recovery. The proof shows that he inquired for the superintendent and was told that he had gone home for the day. He then went into the yards and sought out the man who, as he was informed, had charge of the horse department of the yards. He gave his instructions to him and was told that the same would be carried out; and when appellee proposed to wait until the horses arrived and see after them himself, he was told by this man, who appeared to be in charge, that this would not be necessary—that his instructions would be certainly carried out. Under the cir-

cumstances, we think the jury were fairly authorized to find that appellee was without fault in the matter.

It is again urged that the evidence shows that the stock was not injured while in appellant's charge. It is true that the testimony was conflicting on this point, but there was sufficient evidence upon which the jury might well find, that the horses were seriously injured by being left in the pens during the stormy weather of the night after their arrival.

Objection is also made to the admission of testimony as to conversation of appellee with Mr. White, when appellee went to see him about the horses. We think White, under the circumstances shown by the evidence, was such an agent of appellant as authorized appellee to deal with him in regard to the care of his horses when they came into the yards; and, if so, then conversations with him in relation to the matter were properly admissible. The admission of Kennedy's letter, if not proper, plainly did not injuriously affect appellant.

The instruction as to the measure of damages was certainly correct. The measure of damages was the difference in the market value in their condition when they were received by appellant and their market value in the condition they were when delivered to appellee. The objection really is that the evidence did not show their market value when received and when delivered by appellant to appellee. The fair interpretation of the testimony of Eisfelder, taken in connection with the other testimony in the case, is that the difference in the market value of the horses when received by appellant and when delivered by appellant to appellee, was from $800 to $1,000.

The second instruction does not assume to give the exact measure of the damages, but is framed to show under what state of facts appellant would be responsible for the damages sustained by appellee. The statement that the third instruction assumes that the horses were in good condition when delivered to appellant, is not supported by the language used as we find it in the record. The fourth instruction correctly states the law, as we have already held, under the facts shown. We think the damages allowed not excessive under the proof in the case. The judgment of the Circuit Court is affirmed.                                          *Judgment affirmed.*